IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Roland Blair Jarvis, Sr., Esquire<br>300 City Avenue<br>Philadelphia, PA 19131<br><div align="center">Plaintiff,</div><div align="center">v.</div>The City of Philadelphia<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br><div align="center">and</div>Northeast Detectives Supervisor<br>"Captain Doe no. 1"<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br><div align="center">and</div>Northeast Detectives Supervisor<br>"Captain Doe no. 2"<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br><div align="center">and</div>Detective Andrew H. Gordon, Badge No. 766<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br><div align="center">and</div>Detective Erik Romanczuk Badge No. 3250<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br><div align="center">and</div>Philadelphia Assistant District Attorney<br>Katherine McDermott Esquire<br>3 South Penn Square<br>Philadelphia, PA 19107<br><div align="center">and</div>Philadelphia Assistant District Attorney<br>Brandon Janits, Esquire<br>3 South Penn Square<br>Philadelphia, PA 19107<br><div align="center">and</div>Philadelphia Assistant District Attorney<br>Anthony Gonzalez, Esquire<br>3 South Penn Square<br>Philadelphia, PA 19107<br><div align="center">and</div>Philadelphia Assistant District Attorney<br>Liam Joseph Riley, Esquire,<br>3 South Penn Square<br>Philadelphia, PA 19107<br><div align="right">Defendants</div> | **(JURY TRIAL DEMANDED)**<br><br><br>CIVIL ACTION<br>NO. |

**C O M P L A I N T**

## PRELIMINARY STATEMENT

1.      Roland Blair Jarvis, Sr., ("Plaintiff"), brings the action for damages Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," Philadelphia Police Detectives Andrew H. Gordon and Erik Romanczuk, and Assistant Philadelphia District Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, for conspiring, under color of state law, to use false and fabricated terroristic threats in a Philadelphia Police Department ("PPD") Domestic Violence report to initiate criminal proceedings without probable and fail to exercise due diligence in violation of City of Philadelphia, PPD and District Attorney Office ("DAO") policies, practices and customs, and deprivation of Plaintiff's rights and privileges guaranteed under the United States and Pennsylvania Constitutions.

## JURISDICTION

2.      This Court has federal jurisdiction pursuant to 28 U.S.C. §1331 and §1343 and State jurisdiction pursuant to 28 U.S.C. §1367 and the principals of pendant and ancillary jurisdiction.

3.      Venue is proper under 28 U.S.C. §1391(b) as the causes of action upon which this complaint arose occurred in the Eastern District of Pennsylvania.

## PARTIES

4.      Plaintiff is an adult male and former resident of Montgomery County, Pennsylvania, as captioned.

5.      Defendant City of Philadelphia is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

6.      At all relevant times, Defendant City of Philadelphia ("the City") and the City of Philadelphia Police Department was responsible for supervising and training on municipal policies, customs and practices and supervising acts and/or omissions by Philadelphia Police Captains/Supervisors and Officers and assistant Philadelphia District Attorneys, as municipal agents and/or employees then and there acting within the course and scope of their agency and/or employment, and under color of state law.

7.      Defendant "Captain Doe No. 1" was at all material times employed as Northeast Division Police Captain and Supervisor with direct authority, responsibility and accountability over Police Officers and Detectives within the 15th District acting on behalf of the City of Philadelphia and is being sued in their individual capacity as captioned.

8.      Defendant "Captain Doe No. 2" was at all material times employed as Northeast Division Police Captain and Supervisor with direct authority, responsibility and accountability over Police Officers and Detectives within the15th District acting on behalf of the City of Philadelphia and is being sued in their individual capacity as captioned.

9.      Defendant Detective Andrew H. Gordon, Badge No. 766 was at all material times employed as a PPD Northeast Division Detective and is being sued in his individual capacity as captioned.

10.     Defendant Erik Romanczuk Badge No. 3250 was at all material times employed as a PPD Northeast Division Detective and is being sued in his individual capacity as captioned.

11.     At all relevant times, the DAO was responsible for supervising and training on municipal policies, customs and practices and the conspiratorial acts and/or omissions by

and through its assistant Philadelphia District Attorneys acting within the course and scope of their employment and under color of state law as captioned.

12.     Defendant Katherine McDermott, Esquire was at all times employed as assistant Philadelphia District Attorney in the DAO Charging Unit responsible for reviewing evidence submitted from PPD Police Officers and Detectives and initiating criminal proceedings and making appearances in the Philadelphia Municipal Court and is being sued in her individual capacity as captioned.

13.     Defendant Brandon Janits, Esquire was at all times employed as an assistant Philadelphia District Attorney and is being sued in his individual capacity as captioned.

14.     Defendant Anthony Gonzalez, Esquire was at all times employed as an assistant Philadelphia District Attorney and is being sued in his individual capacity as captioned.

15.     Defendant Liam Joseph Riley, Esquire was at all times employed as an assistant Philadelphia District Attorney and is being sued in his individual capacity as captioned.

**FACTUAL BACKGROUND**

16.     On or about July 25 , 2020, Defendants Northeast Detective "Captain Doe No. 1" and Detective Erik Romanczuk investigated an anonymous 911 call, by falsely identifying Complainant ( "M.R.") as a Caucasian Female who reported that Plaintiff punched, kicked and threw her to the ground, while specifically denying that Plaintiff used or threatened use of any weapons, noting lack of transport for "M.R." to any Hospital for any injuries, or to Northeast Detective Division for an interview; and lack of report of crime scene photographs or interviews with Plaintiff and/or "M.R.'s" Neighbors.

17.    On July 26, 2020, Defendants Northeast Detective "Captain Doe No. 1" Detectives Gordon and Romanczuk verified Plaintiff's identify as an African American attorney, licensed to practice law and carry firearms within the Commonwealth of Pennsylvania by the Montgomery County Sheriff for self-defense.

18.    Defendants Northeast Detective "Captain Doe No. 1" Detectives Gordon and Romanczuk, conspired and agreed, under color of state law, to prepare and use a fabricated Domestic Violence statement including threats to kill and use of weapons as questions for "M.R." sign, including the following:

a.    Did  Jarvis  use any type of weapon?

b.    When Jarvis assaulted you, did he use an open hand or closed fist?

c.    Did Jarvis say if he was going to kill you?

19.    On July 26, 2020, at approximately 1:29 a.m., Defendants Northeast Detective "Captain Doe No. 1," Detectives Gordon and Romanczuk coerced and compelled "M.R." to appear at the Defendant PPD Northeast Detectives sign the fabricated Domestic Violence report as her statement, without audio or videotape or the aid of a Spanish Translator or any witnesses or recording of the circumstances surrounding the interview and signatures.

20.    From July 26, 2020, until July 29, 2020, consistent with policies, practices and customs of the City of Philadelphia Police Department, and despite efforts to do so, Defendants Northeast Detective "Captain Doe No. 2" Detectives Gordon and Romanczuk were unsuccessful in convincing any assistant District Attorneys the DAO Charging Unit to approve and/or use the fabricated Domestic Violence statements to initiate criminal proceedings.

21.    Despite the above, on July 30, 2020, Defendants Northeast Detective "Captain Doe No. 2" Detectives Gordon and Romanczuk were successful in conspiring with Defendant DAO Charging Unit Attorney Katherine McDermott, Esquire, under color of state law, to deliberately ignore policies, practices and customs of the DAO requiring "sufficient and credible probable cause, and assurances that every reasonable investigatory step was taken before approving and filing a criminal complaint."

22.    Defendants Northeast Detective "Captain Doe No. 2" Detectives Gordon and Romanczuk Defendant DAO Charging Unit Attorney Katherine McDermott, Esquire, furthered the agreement, under color of state law, to deliberately ignore policies, practices and customs of the City of Philadelphia, the PPD and the DAO, and "rushed to judgment" without calling or interviewing "M.R.," examining medical records or issuing a Summons or attempting an interview with Plaintiff for his side of the story, and used the fabricated Domestic Violence statement to manufacture and submit an Affidavit of Probable Cause, Criminal Complaint and Arrest Warrant falsely alleging that "Jarvis threatened to slash the Complainant's throat" before a Philadelphia Municipal Court Issuing Authority to initiate criminal proceedings.

23.    At all relevant times, Defendants Northeast Detective "Captains Doe No. 1 and 2," Detectives Gordon and Romanczuk and DAO Attorney Katherine McDermott, Esquire conspired to violate policies, practices, customs and Directives of the City of Philadelphia, the PPD and the DAO, including:

      a.    PPD Policy Directive 90 - render every necessary assistance to the victim(s) and make arrests where warranted; and

      b.    DAO Policy for assistant District Attorneys in the Charging Unit to promptly review all sight arrests and arrest warrants and determine which

charges our office will prosecute; Prior to drafting a criminal complaint that lists charges and summarizes the factual basis for the charges, the prosecutors in this unit MUST ensure that all arrests and warrants are supported by probable cause and all reasonable investigatory steps were followed by the police department. (emphasis added)

24.    From July 30, 2020, until January 6, 2022, as a direct and proximate result of these violations by Defendants Northeast Detective "Captains Doe No. 1 and 2," Detectives Gordon and Romanczuk and DAO Attorney Katherine McDermott, Esquire, Plaintiff's due process rights were violated for wanton and reckless failures to exercise due diligence or ignore Orders by the Issuing Authority's Order to immediately "take Jarvis into Custody:

    a.    ARREST WARRANTS Dir. 5.22 POLICY A. and POLICY B. An Affidavit of Probable Cause for Arrest Warrant (75-572) approved by the District Attorney's Charging Unit (DACU) prior to submission to the issuing authority (judge or bail commissioner) prohibiting investigators and attorneys from "intentional use of misstatements or false statements" and exposure to federal Civil Rights claims under the Fourth Amendment; and

    b.    WANTED PERSONS Dir. 5.17 1. POLICY A. In all cases where the perpetrator has been identified, the assigned investigator shall prepare an Affidavit of Probable Cause (75-52) and obtain the arrest warrant . . . apprehension . . . and full compliance by the Department with Rule 1100 of the Pennsylvania Rules of Criminal Procedure (180-day rule).

25.    As a further direct and proximate result of the violations, Plaintiff was compelled to self-surrendered on January 6, 2020, at the 5th District of the PPD and be transported to the 15th District where he was detained without Bail.

26.    on January 7, 2022.

27.    On January 7, 2022, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, acting within the course and scope of their employment, under

color of State law, caused Plaintiff to be awaken and compelled to appear for arraignment via video teleconference before the same Issuing Authority who approved Defendants' July 30, 2021 Complaint and Arrest Warrant, and subjected to imposition of a $50,000 unsecured Bail Bond, and a Stay Away Order.

28.     From January 24, 2022 until August 1, 2022, as a direct and proximate result of the wanton and reckless acts of , Defendants PPD Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez conspired and agreed, Esquire, under color of state law, to maliciously make false and manufactured promises to file a "Ross Brief" challenging Plaintiff's Rule 600 Motion to suppress exculpatory evidence and coerce Plaintiff into entering a Guilty Plea or make admissions as to his actual innocence, and caused Municipal Court Judges to deprive Plaintiff of due process rights and privileges under the United States and Pennsylvania Constitutions.

29.     From on or about May 6, 2022 through June 13, 2022, Defendants PPD Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, acting within the course and scope of their employment, under color of state law, furthered the conspiracy and agreement to use promises of filing the "Ross Brief" and caused the Honorable Judge George Twardy, to deprive Plaintiff of his Fifth Amendment rights against being coerced into false confessions and against self-incrimination before the court as follows:

a.    compelling Plaintiff to prove he was not aware of the outstanding Arrest Warrant and that Plaintiff was not engaged in evasive acts to avoid arrest and criminal prosecution - "because you've got to show that the Commonwealth - didn't do anything and that they had a warrant for your arrest, and

b.    providing legal counsel and advice to municipal defendants on preparing a "Ross Brief" to establish "Why [Plaintiff] is full of soup."

30.    At all times during the proceedings, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, acted with malice and awareness the dangers associated with business citizens travelling in high crime areas for meeting with clients and witnesses throughout the City and Commonwealth of Pennsylvania, and knowingly caused Plaintiff's LTCF Permit to be revoked in deprivation of his right to keep and bear firearms during his employment as a Philadelphia defense attorney.

31.    On August 1, 2022, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire wantonly and recklessly filed the "Ross Brief" verbally and in a writing that could best described as "frivolous" in open court and in violation of the policies, practices, and customs City of Philadelphia, the DAO and the Pennsylvania Rules of Criminal Procedure.

32.    As a direct and proximate result of Defendants' failures the Honorable Judge Twardy rejected the "Ross Brief" as "Junk," and entered verbal findings of fact and

conclusions of law dismissing the malicious prosecution, without prejudice to the

Defendants' malicious request for leave to file an Appeal as follows:

a.    "You're telling me about prejudice; do you think a person's constitutional right to bear arms do you think that's being denied his constitutional right to do so;

b.    You have an outstanding arrest here do you think that's not prejudice?" and

c.    "I find it [lack of due diligence in prosecuting the outstanding warrant and causing revocation of Plaintiff's LTCF Permit] prejudicial."(emphasis added).

33.    On September 15, 2022, Defendants PPD Detectives Andrew Gordon and Erik

Romanczuk, and Defendant DAO Attorneys Katherine McDermott, Esquire, Brandon Janits,

Esquire and Anthony Gonzalez, Esquire, acting within the course and scope of their

employment, under color of State law, maliciously failed to appear, file an Appeal or Motion

for Nolle Prosequi, in violation of policies, practices, and customs of the City of Philadelphia,

the Philadelphia Police Department and the DAO, in deprivation of constitutionally protected

liberty and due process rights to final adjudication of criminal proceedings within the

applicable five-year statute of limitations with certainty.

34.    On April 6, 2024, as a direct and proximate result of the aforementioned acts

and omissions of Defendants Northeast Division Police Captain/Supervisor "Doe No. 1,"

Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon

and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits,

Esquire, Anthony Gonzalez, Esquire, Plaintiff was caused to file a Petition for Expungement

of the malicious charges by the Municipal Court with finalty.

35.    On or about April 24, 2024, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, conspired and agreed, under color of state law, to manufacture false allegations entitled Objections to Plaintiff's Motion for Expungement, accusing Plaintiff of engaging in a Pattern of Domestic Violence.

36.    On or about August 9, 2024, a Municipal Court Judge rejected Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, under color of state law, failed to appear and provide evidence of Plaintiff engaging in a "pattern of Domestic Violence, and caused the Municipal Court Judge Grant Plaintiff's Expungement Petition and enter an Order directing the Pennsylvania State Police and federal law enforcement agencies to seal the Commonwealth of Pennsylvania arrest records and purge their databases of the criminal proceedings in Plaintiff's favor and with finality.

**COUNT I - 42 U.S.C. §1983**
**CONSPIRACY – MALICIOUS PROSECUTION**
**PLAINTIFF V. DAO ATTORNEYS KATHERINE McDERMOTT, ESQUIRE,**
**BRANDON JANITS, ESQUIRE, ANTHONY GONZALEZ, ESQUIRE,**
**LIAM JOSEPH RILEY, ESQUIRE, AND PHILADELPHIA**
**POLICE DETECTIVES ANDREW GORDON AND ERIK ROMANCZUK.**

37.     All preceding paragraphs are incorporated, by reference as if more fully stated below.

38.     Relying upon intentionally fabricated/manufactured evidence, and ignoring substantial exculpatory evidence, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire maliciously conspired and agreed, under color of State law, to initiate criminal proceedings using a fabricated Domestic Violence statement falsely representing that "Jarvis threatened to slash the Complainant's throat," to charge Terroristic Threats in an Affidavit of Probable Cause, Complaint and Arrest Warrant and Objections to Plaintiff's Petition for Expungement using false allegations that Plaintiff was actively engaged in a pattern of domestic violence, in violation of policies, practices, and customs of the Defendant City of Philadelphia, the Philadelphia Police Department and the DAO.

39.     On August 9, 2024, the criminal charges were dismissed without prejudice and the Petition for Expungement granted in Plaintiff's favor for lack of due diligence and violations of constitutional rights.

40.     By causing Plaintiff to be charged, prosecuted and subjected to judicial process with making terroristic threats and engaging in a pattern of domestic violence without

probable cause, based on fabricated evidence and false statements, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire committed overt acts in furtherance the malicious prosecution conspiracy.

41.     The aforementioned conspiracy to use fabricated evidence and initiating criminal proceedings by charging Plaintiff with making terroristic threats, securing an arrest Warrant within five days without probable, and ignoring the Issuing Authority's Order to take Plaintiff into custody for more than 533 days causing Plaintiff's arrest by self-surrender, was the direct and proximate cause of violations of his rights under the Second, Fourth and Fifth Amendments and Due Process Clauses of the Fourteenth Amendment of the United States and Pennsylvania Constitutions.

42.     The aforementioned conspiratorial acts and omissions by Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, individually and jointly, were so malicious, intentional, wanton, reckless, and/or recklessly indifferent to Plaintiff's constitutional rights and well-being that the imposition of punitive damages is warranted.

43.     As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of

enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 Plaintiff demands compensatory and punitive damages against Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

<div align="center">

**COUNT II - 42 U.S.C. § 1983**
**SECOND AMENDMENT - MALICIOUS PROSECUTION**
**PLAINTIFF V. DAO ATTORNEYS KATHERINE McDERMOTT, ESQUIRE,**
**BRANDON JANITS, ESQUIRE, ANTHONY GONZALEZ, ESQUIRE,**
**LIAM JOSEPH RILEY, ESQUIRE, AND CAPTAIN/SUPERVISOR "DOE No. 1,"**
**CAPTAIN/SUPERVISOR "DOE No. 2," PHILADELPHIA**
**POLICE DETECTIVES ANDREW GORDON AND ERIK ROMANCZUK.**

</div>

44.    All preceding paragraphs are incorporated, by reference as if more fully stated below.

45.    Relying exclusively upon intentionally fabricated/manufactured terroristic threats and pattern of domestic violence evidence, and ignoring substantial exculpatory evidence, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire initiated criminal proceedings charging Plaintiff with making terroristic threats, securing an arrest Warrant within five days without

probable, and ignoring the Issuing Authority's Order to take Plaintiff into custody for more than 533 days causing Plaintiff's arrest by self-surrender, was the direct and proximate cause of the Montgomery County Sheriff's decision to revoke Plaintiff's LTCF Permit and his right to keep and bear arms for self- defense during the course of his employment as a criminal defense attorney in violation of his rights under Second Amendment of the United States Constitution and Article 1, Section 21 of the Pennsylvania Constitution.

46.    Defendants "Ross Brief" was a delay tactic and cover up for past and ongoing violations of the policies, practices, and customs City of Philadelphia, the DAO and the Pennsylvania Rules of Criminal Procedure which caused the Honorable Judge Twardy reject the "Ross Brief" as "Junk," and entered verbal findings of fact and conclusions of law:

> " . . .You're telling me about prejudice; do you think a person's constitutional right to bear arms do you think that's being denied his constitutional right to do so…."

47.    The acts and omissions described above were intentionally fabricated, with malice, and calculated to classify Plaintiff as a "Fugitive" for more than 533 days and caused the Montgomery County Sheriff to revoke Plaintiff's LTCF Permit.

48.    The above-described acts and omissions by Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, individually and jointly, were so malicious, intentional, wanton, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

49.    As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 Plaintiff demands compensatory and punitive damages against Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

<u>**COUNT III - 42 U.S.C. § 1983**</u>
<u>**DUE PROCESS VIOLATIONS – MALICIOUS PROSECUTION**</u>
<u>**PLAINTIFF V. DAO ATTORNEYS KATHERINE McDERMOTT, ESQUIRE,**</u>
<u>**BRANDON JANITS, ESQUIRE, ANTHONY GONZALEZ, ESQUIRE,**</u>
<u>**LIAM JOSEPH RILEY, ESQUIRE, AND CAPTAIN/SUPERVISOR "DOE No. 1,"**</u>
<u>**CAPTAIN/SUPERVISOR "DOE No. 2," PHILADELPHIA**</u>
<u>**POLICE DETECTIVES ANDREW GORDON AND ERIK ROMANCZUK.**</u>

50.    All preceding paragraphs are incorporated, by reference as if more fully stated below.

51.    Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, under color of state law and

pursuant to the policies, practices, and customs of the Philadelphia Police Department, Commonwealth of Pennsylvania, and Defendant City of Philadelphia, deprived Plaintiff of his rights, privileges, and immunities under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution.

52.    The aforementioned Defendants used coercive threats and influence over "M.R." to compel her to sign a PPD fabricated Domestic Violence statement accusing Plaintiff of threatening to Kill her and use a knife to slash her throat with malice and caused Municipal Court Judge Twardy to violate his rights against self-incrimination testimony and a coerced false admission, conviction or Guilty Plea from Plaintiff during the life of the judicial proceedings.

53.    the conspiracy and agreement to use promises of filing the "Ross Brief" and caused the Honorable Judge George Twardy, to deprive Plaintiff of his Fifth Amendment rights against being coerced into false confessions and against self-incrimination before the court as follows:

    c.    compelling Plaintiff to prove he was not aware of the outstanding Arrest Warrant and that Plaintiff was not engaged in evasive acts to avoid arrest and criminal prosecution - "because you've got to show that the Commonwealth - didn't do anything and that they had a warrant for your arrest, and

    d.    providing legal counsel and advice to municipal defendants on preparing a "Ross Brief" to establish "Why [Plaintiff] is full of soup."

54.    At all times during the proceedings, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, acted with malice

and awareness the dangers associated with business citizens travelling in high crime areas for meeting with clients and witnesses throughout the City and Commonwealth of Pennsylvania, and knowingly caused Plaintiff's LTCF Permit to be revoked in deprivation of his right to keep and bear firearms during his employment as a Philadelphia defense attorney.

55.    Defendants "Ross Brief" was maliciously filed as a delay tactic and cover up for past and ongoing violations of the policies, practices, and customs City of Philadelphia, the DAO and the Pennsylvania Rules of Criminal Procedure which caused the Honorable Judge Twardy reject the "Ross Brief" as "Junk," and entered verbal findings of fact and conclusions of law dismissing the malicious prosecution, without prejudice to the Defendants' malicious request for leave to file an Appeal as follows:

> a.    "You're telling me about prejudice; do you think a person's constitutional right to bear arms do you think that's being denied his constitutional right to do so;
>
> b.    You have an outstanding arrest here do you think that's not prejudice?" and
>
> c.    "I find it [lack of due diligence in prosecuting the outstanding warrant and causing revocation of Plaintiff's LTCF Permit] prejudicial."(emphasis added).

56.    The above-described acts and omissions by Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, individually and jointly, were so malicious, intentional, wanton, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

57.    As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 Plaintiff demands compensatory and punitive damages against Defendants, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IV - 42 U.S.C. §1983**
**DUE PROCESS – PRIVILEGES AND IMMUNTIES**
**PLAINTIFF V. DAO ATTORNEYS KATHERINE McDERMOTT, ESQUIRE,**
**BRANDON JANITS, ESQUIRE, ANTHONY GONZALEZ, ESQUIRE,**
**LIAM JOSEPH RILEY, ESQUIRE, AND CAPTAIN/SUPERVISOR "DOE No. 1,"**
**CAPTAIN/SUPERVISOR "DOE No. 2," PHILADELPHIA**
**POLICE DETECTIVES ANDREW GORDON AND ERIK ROMANCZUK.**

58.    All preceding paragraphs are incorporated, by reference as if more fully stated below.

59.    From on or about July 25, 2020 until August 9, 2024, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, acting within the course and scope of their employment, under color of State law, in violation the policies, practices, and customs of the City of Philadelphia, the Philadelphia Police Department and the District Attorney's Office, initiated criminal proceedings using fabricated Domestic Violence statement that Jarvis threatened to

slash M.R.'s throat, to secure a fugitive Terroristic Threats Arrest Warrant without probable cause, and caused Municipal Court Judge Twardy to violate his rights against self-incrimination testimony and a coerced confession or Guilty Plea, in violation of the United States and the Pennsylvania Constitutions.

60.    The above-listed acts and/or omissions by Defendants including fabricating and charging an M-1 criminal offense, acting with deliberate indifference to Commands by the Issuing Authority to "take Jarvis into custody and failures to exercise due diligence, caused the Pennsylvania State Police and Montgomery County Sheriff to revoke Plaintiff's LTCF Permit and the privilege to keep and bear arms for self-defense.

61.    In addition, the above-listed Defendants used the "Ross Brief" and fabricated Objections falsely accusing Plaintiff of being actively engaged in a "Pattern of Domestic Violence," while failing to appear at the Hearing or otherwise prosecute the malicious allegations with due diligence, in violation of the Due Process clauses under the Fourteenth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution.

62.    The above-described acts and omissions by Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, individually and jointly, were so malicious, intentional, wanton, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

63.     As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 Plaintiff demands compensatory and punitive damages against Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

<u>**COUNT V- 42 U.S.C. §1983**</u>
<u>**BRADY/GIGLIO VIOLATIONS – MALICIOUS PROSECUTION**</u>
<u>**PLAINTIFF V. DAO ATTORNEYS KATHERINE McDERMOTT, ESQUIRE,**</u>
<u>**BRANDON JANITS, ESQUIRE, ANTHONY GONZALEZ, ESQUIRE,**</u>
<u>**LIAM JOSEPH RILEY, ESQUIRE, AND CAPTAIN/SUPERVISOR "DOE No. 1,"**</u>
<u>**CAPTAIN/SUPERVISOR "DOE No. 2," PHILADELPHIA**</u>
<u>**POLICE DETECTIVES ANDREW GORDON AND ERIK ROMANCZUK.**</u>

64.     All preceding paragraphs are incorporated, by reference as if more fully stated below.

65.     Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, acting within the course and

scope of their employment, under color of state law, in violation the policies, practices, and customs of the City of Philadelphia, the Philadelphia Police Department and the District Attorney's Office, wantonly and recklessly used fabricated and false misstatements and misrepresentations, including that "Jarvis threatened to slash the Complainant's throat," in a fabricated affidavit of probable cause, and suppressing and failing to disclose the true nature and circumstances surrounding "M.R."'s compelled PPD interview and signature on fabricated domestic violence statements, by suppressing M.R.'s trial testimony without cross-examination, an efforts to coerce a false confession and/or Guilty Plea from Plaintiff, in criminal proceedings without probable cause and in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

66.    The aforementioned Defendants, along with City of Philadelphia and the Commonwealth of Pennsylvania, suppressed evidence favorable to Plaintiff in order to show that "M.R." was coerced due to the unlawful actions perpetrated by Defendants and was material to the issues of lack of probable cause and misconduct including using the "Ross Brief" and pattern of Domestic Violence Objections with malice.

67.    The aforementioned failures by Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, along with Defendant City of Philadelphia, caused the judicial proceedings to terminate in Plaintiff's favor on August 9, 2024.

68.    The above-described acts and omissions by Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe

No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, individually and jointly, were so malicious, intentional, wanton, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

69.    As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT VI - 42 U.S.C. § 1983
### *MONELL* CLAIM
### PLAINTIFF V. THE CITY OF PHILADELPHIA

70.    The preceding paragraphs are incorporated by reference as if fully set forth

below.

71.    Defendant City of Philadelphia ("the City") has adopted and maintained a

policy, practice and custom of condoning and/or acquiescing to violations and constitutional

limits of investigating, charging, requesting arrest warrants rather than Summons, using

false facts in fabricated statements to initiate charges without probable cause, failing to

exercise due diligence and by permitting the unlawful arrest and seizure, and constitutional

deprivations during malicious prosecutions of citizens like Plaintiff.

72.    The City adopted and maintained an unconstitutional policy, practice and/or

custom of failing to adequately train its Police Officers and/or Detectives, and DAO Attorneys

regarding misconduct in conducting criminal investigations properly and preparing and

using fabricated domestic violence statements falsely alleging crimes that did not occur as

probable cause in Complaints Warrants and Affidavits to initiate criminal prosecutions,

abandoning their duty to effect arrests or comply with Orders from the Issuing Authority,

deliberately avoiding the use of Summons over arrest warrants, and suppressing

exculpatory evidence and witness testimony under due process standards as previously

described above.

73.    The unconstitutional policies, practices and/or customs of the City was the

direct and proximate cause of violations committed by Defendants Northeast Division Police

Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2,"

PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine

McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, Esquire, and deprived Plaintiff of his Second and Fourth Amendments and Due Process clause of the Fourteenth Amendment of the United States and the Pennsylvania Constitutions.

74.    The actions of the aforementioned City Defendants were ratified by policymakers with final policymaking authority, including: (i) falsely accusing Plaintiff of threatening to "slash the throat of Complainant "M.R."; (ii) submitting false statements to the Issuing Authority as probable cause to initiate criminal proceedings; (iii) securing an arrest warrant and failing to exercise due diligence to effect an arrest within 180 days; (iv) causing Plaintiff's LTCF to be revoked by the Montgomery County Sheriff; (v) failing to issue a Summons or otherwise notified Plaintiff of his Fugitive status; (vi) falsely accusing Plaintiff of being actively engaged in a pattern of domestic violence; (vii)  suppressing exculpatory evidence and trial testimony of "M.R."; (viii) filing a frivolous "Ross Brief" in response to Plaintiff's Rule 600 motion, and (vix) compelling Plaintiff to incriminate himself or make a coerced confession or Guilty Plea before Judge Twardy as to his "Fugitive" status and why he was not arrested on the outstanding Warrant for more than 533 days?

75.    The aforementioned acts and omissions were undertaken pursuant to policies and practices of the City of Philadelphia and DAO, which were ratified by policymakers with final policymaking authority and the moving force behind violations of these policies and practices, including failures to (i) adequately train, supervise, and discipline officers who engaged in the alleged constitutional violations, (ii) conduct proper investigations, including properly documenting their investigation by preserving and reporting on crime scenes, interviewing witnesses (iii) withholding or suppressing exculpatory evidence, and (iv)

relying on fabricated and manufactured evidence, including fabricated police reports, and Domestic Violence Complaints.

76.     Since October 1, 2020 Defendants City of Philadelphia and DAO were responsible for assuring compliance with policies and Rules requiring prompt disclosure of exculpatory, impeachment, or mitigating information, pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963) and its progeny; Rule 573 of the Pennsylvania Rules of Criminal Procedures; Rule 3.8 of the Pennsylvania Rules of Professional Conduct; and Rule 3.8(g) & (h) of the American Bar Association Model Rules of Professional Responsibility, as well as "open-file discovery" where the evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution.

77.     Defendant City of Philadelphia has been aware of the unconstitutional policy, practice and/or custom of "rushing to judgment" and arresting, searching and seizing property and maliciously prosecuting persons without probable cause based on fabricated or manufactured evidence in the past and for a substantial period of time, and, despite said knowledge, has been deliberately indifferent to constitutional rights of Plaintiff and other citizens by failing to:

> A.     Take steps to terminate the unconstitutional policy, practice and/or custom of investigating domestic violence complaints and manufacturing terroristic threats to initiate criminal proceedings;
>
> B.     Ignore commands of issuing Authority to arrest suspects within 180 days;
>
> C.     Institute better or different training regarding the constitutional limits on arresting and prosecuting persons without probable cause and using fabricated evidence; and

      D.      condoning and/or acquiescing to PPD Police Detectives and DAO Attorneys engaging in violations of the unconstitutional policy, practice and/or custom.

78.    The unconstitutional policies, practices and customs of the City of Philadelphia, their Police Officers and/or Captains/Supervisors and assistant District Attorneys were the direct and proximate cause of the violations of the Plaintiff rights and privileges under the  United States and Pennsylvania Constitutions.

79.    As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory damages against the City of Philadelphia in an amount sufficient to fully compensate the Plaintiff, plus interest, costs, reasonable attorney's fees, and all other appropriate relief.

### COUNT VII – PENNSYLVANIA LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF V. DAO ATTORNEYS KATHERINE McDERMOTT, ESQUIRE, BRANDON JANITS, ESQUIRE, ANTHONY GONZALEZ, ESQUIRE, LIAM JOSEPH RILEY, ESQUIRE, AND CAPTAIN/SUPERVISOR "DOE No. 1," CAPTAIN/SUPERVISOR "DOE No. 2," PHILADELPHIA
### POLICE DETECTIVES ANDREW GORDON AND ERIK ROMANCZUK.

66.    All preceding paragraphs are incorporated, by reference as if more fully stated below.

67.    Defendants DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Liam Joseph Riley, Esquire and Anthony Gonzalez, Esquire, and Philadelphia Police

Detectives Andrew Gordon and Erik Romanczuk initiated criminal proceedings which terminated in Plaintiff's favor after four years of unfair public scrutiny, embarrassment and disgrace.

68.      Defendants "Ross Brief" was a delay tactic and cover up for past and ongoing violations of the policies, practices, and customs City of Philadelphia, the DAO and the Pennsylvania Rules of Criminal Procedure which caused the Honorable Judge Twardy reject the "Ross Brief" as "Junk," and entered verbal findings of fact and conclusions of law dismissing the malicious prosecution, without prejudice to the Defendants' malicious request for leave to file an Appeal as follows:

   a.   "You're telling me about prejudice; do you think a person's constitutional
        right to bear arms do you think that's being denied his constitutional right
        to do so..."

69.      As a direct and proximate result of Defendants malicious acts and sustained pattern of outrageous conduct, Plaintiff suffered emotional and economic injuries, including loss of his good reputation in the community, emotional distress, Anxiety, Insomnia, loss of enjoyment of life's pleasures, loss of financial resources, loss of finances incurred as legal fees and expenses, and loss of past and future income and earning capacity.

70.      Defendants DAO Attorneys and PPD Detectives' acts, individually and jointly, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire,

Anthony Gonzalez, Esquire, and Liam Riley, jointly and/or severally, under the direction and control of the Defendants City of Philadelphia, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT VIII – STATE LAW CLAIM
## INDEMNIFICATION – CITY OF PHILADELPHIA

71.    All preceding paragraphs are incorporated, by reference as if more fully stated below.

72.    Pennsylvania law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

73.    At all relevant times during this malicious prosecution, Defendants Northeast Division Police Captain/Supervisor "Doe No. 1," Northeast Division Police Captain/Supervisor "Doe No. 2," PPD Detectives Andrew H. Gordon and Erik Romanczuk, and DAO Attorneys Katherine McDermott, Esquire, Brandon Janits, Esquire, Anthony Gonzalez, Esquire, and Liam Riley, were employees of the City of Philadelphia, who acted within the scope of their employment in committing the misconduct off fabricating domestic violence evidence, including: (i) falsely accused Plaintiff of threatening to slash the throat of Complainant "M.R."; (ii) submitting false statements to the Issuing Authority as probable cause to initiate criminal proceedings; (iii) securing an arrest warrant and failing to exercise due diligence to effect an arrest within 180 days; (iv) causing Plaintiff's LTCF to be revoked by the Montgomery County Sheriff; (v) failing to issue a Summons or otherwise notified Plaintiff of his Fugitive status; (vi) falsely accusing Plaintiff of being actively engaged in a

pattern of domestic violence; (vii) failing to disclose exculpatory evidence, including suppressing testimony of "M.R."; (viii) filing a frivolous "Ross Brief" in response to Plaintiff's Rule 600 motion, and (vix) compelling Plaintiff to incriminate himself or make a coerced confession before Judge Twardy as to why he was not arrested on the outstanding Warrant.

74.    **WHEREFORE**, Plaintiff demands compensatory and punitive damages against Defendants, jointly and/or severally, under the direction and control of the Defendants City of Philadelphia, the PPD Detectives and the DAO Attorneys, in an amount sufficient to fully and adequately compensate Plaintiff, punish and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

Respectfully submitted,

JARVIS LAW ASSOCIATES, PC

October 15, 2025
Dated: _____

By: ***/s/R. Blair Jarvis***

_____
JARVIS LAW ASSOCIATES, PC
R. Blair Jarvis, Sr. Esquire
PA ID 65647
www.jarvislawphilly.com
Email : blair@jarvislawphilly.com
Mobile – 215.313.5684